FILED TPA INTAKE USBC
2 JUL 2026 AM10:42

In re:

Case No.: 26-04258
Chapter 13

**ROBERT SCOTT SUPER,**
Debtor.

---

## MOTION FOR DETERMINATION THAT THE AUTOMATIC STAY IS IN FULL FORCE AND EFFECT AND THAT 11 U.S.C. § 362(c)(3) DOES NOT APPLY

**COMES NOW** the Debtor, Robert Scott Super ("Debtor"), appearing pro se, and respectfully moves this Court for entry of an Order determining that the automatic stay imposed under 11 U.S.C. § 362(a) remains continuously in full force and effect in this case, and that 11 U.S.C. § 362(c)(3) is inapplicable, and in support states as follows:

---

## I. PROCEDURAL HISTORY

1. Debtor filed the above-captioned Chapter 13 bankruptcy case on or about **June 9, 2026.**

2. On or about June 9, 2026, this Court entered an Order dismissing the case due to procedural filing deficiencies.

3. On **June 29, 2026,** this Court entered an **Order Vacating Dismissal and Granting Motion for Extension of Time to File Required Documents,** which expressly vacated the prior dismissal order and reinstated this bankruptcy case.

4. The reinstatement order restored this case to active status and vacated the dismissal in its entirety.

---

## II. CONTINUATION OF CASE AND AUTOMATIC STAY

5. Pursuant to 11 U.S.C. § 362(a), the filing of a bankruptcy petition operates as an automatic stay against actions to collect debts, enforce liens, or pursue remedies against the Debtor or property of the estate.

6. Because the dismissal of this case was vacated, the case is deemed to have remained continuously pending before this Court.

7. Accordingly, there has been no final termination of this bankruptcy case that would interrupt the automatic stay.

8. The automatic stay remains in full force and effect as to all creditors and all property of the estate.

## III. INAPPLICABILITY OF 11 U.S.C. § 362(c)(3)

9. Section 362(c)(3) applies only where a debtor had another bankruptcy case that was:

   o pending within the one-year period preceding the filing of the current case, and

   o **dismissed** within that one-year period.

10. The prior dismissal order in this case was expressly **vacated** by this Court on June 29, 2026.

11. A vacated dismissal is void and has no legal effect.

12. Therefore, as a matter of law, there is no qualifying "dismissed case" within the meaning of 11 U.S.C. § 362(c)(3).

13. Accordingly, § 362(c)(3) does not apply, and the automatic stay has not been limited or terminated under that provision.

## IV. GOOD FAITH AND LACK OF PREJUDICE

14. Debtor has acted at all times in good faith.

15. The initial dismissal resulted solely from procedural filing deficiencies and not from bad faith, abuse of the bankruptcy process, or intent to hinder or delay creditors.

16. The deficiencies were promptly corrected, and the case was reinstated by Order of this Court.

17. No creditor has commenced foreclosure, repossession, garnishment, or other collection activity during the pendency of this case.

18. No party in interest will be prejudiced by a determination that the automatic stay remains in full force and effect.

## V. REQUEST FOR RELIEF

WHEREFORE, the Debtor respectfully requests that this Court enter an Order:

A. Determining that the automatic stay imposed by 11 U.S.C. § 362(a) remains continuously in full force and effect;

B. Determining that 11 U.S.C. § 362(c)(3) does not apply to this case;

C. Confirming that no lapse or termination of the automatic stay occurred due to the vacated dismissal;

D. Granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

**ROBERT SCOTT SUPER**
Debtor, Pro Se
602 Viento De Avila
Tampa, FL 33613
(917) 449-7582
rsuper@allcaermgt.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion was served on the Chapter 13 Trustee, the United States Trustee, and all parties in interest on this 1st day of July, 2026.

Robert Scott Super