UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

Case No. 26-04258

Chapter 13

ROBERT SCOTT SUPER,
Debtor.

### DEBTOR'S MOTION FOR RECONSIDERATION OF ORDER GRANTING THE MOTION TO CONTINUE THE AUTOMATIC STAY IN PART, MEMORANDUM OF LAW IN SUPPORT, AND REQUEST FOR CONTINUATION OF THE AUTOMATIC STAY AS TO GENESIS ALTERNATIVE FINANCE IV LLC PURSUANT TO FED. R. BANKR. P. 9023 AND 9024

Debtor, **Robert Scott Super** ("Debtor"), appearing pro se, respectfully requests that this Motion be heard on an expedited basis because the issues presented concern the continuation of the protections afforded by the automatic stay under 11 U.S.C. § 362, and delay could result in substantial prejudice and irreparable harm.

The Court entered its July 6, 2026 Order after concluding that continuation of the stay should be limited as to Genesis. Respectfully, this Motion does not seek a second opportunity to argue issues already decided; rather, it requests reconsideration because the present record demonstrates that continuation of the stay better advances the purposes of Chapter 13 and does so without unfair prejudice to Genesis.

Debtor respectfully submits that reconsideration is warranted because the Court did not have the benefit of several material facts concerning Debtor's good-faith Chapter 13 reorganization, because the record does not establish legally sufficient cause to limit the stay under § 362, and because continuation of the stay better serves the interests of all creditors and the administration of this estate.

Debtor, **Robert Scott Super** ("Debtor"), appearing pro se, respectfully moves this Court pursuant to Rules 9023 and 9024 of the Federal Rules of Bankruptcy Procedure to reconsider its Order entered July 6, 2026, granting continuation of the automatic stay only in part, and requests that the Court continue the protections of 11 U.S.C. § 362 as to Genesis Alternative Finance IV LLC ("Genesis") for the duration of this Chapter 13 case, or until further order of the Court. In support, Debtor states as follows:

# I. PRELIMINARY STATEMENT

This Motion does not seek to relitigate the merits of the underlying dispute pending between Genesis and the Debtor in the Michigan state courts. Rather, it asks this Court to reconsider whether the extraordinary remedy of limiting the protections afforded by the Bankruptcy Code remains appropriate in light of the purposes of Chapter 13, the record before this Court, and the equitable principles governing continuation of the automatic stay.

The automatic stay is one of the most fundamental protections afforded by the Bankruptcy Code. It is designed to preserve the status quo, prevent piecemeal litigation, protect creditors collectively, and provide an honest debtor with a meaningful opportunity to reorganize financial affairs through a confirmed Chapter 13 plan.

Genesis has portrayed this bankruptcy filing as merely another step in a broader course of litigation arising from complex commercial disputes presently pending in Michigan. While Genesis relies extensively upon allegations, receiver reports, and state court proceedings, those matters do not relieve this Court of its independent obligation to determine whether continuation of the automatic stay is appropriate under the Bankruptcy Code. Bankruptcy relief is governed by federal law, and the existence of contentious state court litigation does not, standing alone, establish that a Chapter 13 petition has been filed in bad faith or that continuation of the stay is inconsistent with the purposes of bankruptcy.

Indeed, the Court's July 6, 2026 Order continued the stay as to Genesis pending further proceedings, reflecting that the Court determined continuation of bankruptcy protections remained appropriate under the circumstances then presented.

Upon further consideration, Debtor respectfully submits that continuation of the stay should remain in effect while this Chapter 13 case proceeds because:

1. the Debtor commenced this case with the intent of reorganizing debts through a feasible Chapter 13 plan;

2. Genesis has not demonstrated that continuation of the stay will result in irreparable prejudice beyond the ordinary delay inherent in bankruptcy proceedings;

3. the interests of all creditors are better served through centralized administration of claims in this Court than through piecemeal litigation in multiple forums; and

4. continuation of the stay promotes the core purposes of Chapter 13 by preserving estate assets, protecting creditors collectively, and allowing the Debtor an opportunity to propose and perform a confirmable plan.

Accordingly, reconsideration is warranted to prevent manifest injustice and to ensure that the protections afforded by the Bankruptcy Code are applied consistently with governing law.

## II. JURISDICTION

This Court has jurisdiction over this contested matter pursuant to 28 U.S.C. §§ 157 and 1334.

This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (G), (L), and (O).

Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

This Court possesses authority to reconsider its prior orders pursuant to Rules 9023 and 9024 of the Federal Rules of Bankruptcy Procedure and its inherent authority to revise interlocutory orders where necessary to prevent manifest injustice.

## III. PROCEDURAL HISTORY

1. Debtor commenced this Chapter 13 proceeding on June 9, 2026.

2. Genesis thereafter filed a Motion seeking dismissal of the Chapter 13 case, a 180-day bar to refiling, relief from the automatic stay, and prospective stay relief, relying primarily upon allegations arising from commercial litigation pending in the Circuit Court for Wayne County, Michigan, together with various opinions, receiver reports, and related exhibits from that litigation.

3. Debtor opposed Genesis's requested relief and sought continuation of the protections afforded by 11 U.S.C. § 362.

4. Following hearing, this Court entered an Order on July 6, 2026 continuing the automatic stay only as to Genesis Alternative Finance IV LLC and Motion LLC while denying other requested relief.

5. Debtor now respectfully requests reconsideration of that Order to clarify and continue the stay as to Genesis during the pendency of this Chapter 13 case.

6. Since entry of the July 6 Order, Debtor has continued to participate in this Chapter 13 case in good faith and remains committed to confirmation of a feasible plan.

## IV. STANDARD FOR RECONSIDERATION

Relief from an order of the Bankruptcy Court is governed by Federal Rules of Bankruptcy Procedure 9023 and 9024, which incorporate Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure. Reconsideration is appropriate to correct clear error, prevent manifest injustice, consider newly discovered evidence, or account for an intervening change in controlling law. *See Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007); *Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010).

Federal Rule of Bankruptcy Procedure 9023 incorporates Rule 59(e) of the Federal Rules of Civil Procedure, while Rule 9024 incorporates Rule 60(b). Relief under these rules is appropriate

where necessary to correct clear error, prevent manifest injustice, consider newly discovered evidence, or account for an intervening change in controlling law. *See Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007); *Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010).

Each of those grounds is present here. Here, reconsideration is appropriate because:

(1) the Court's Order may not have fully considered material facts demonstrating Debtor's ongoing good-faith reorganization;

(2) Genesis did not establish legally sufficient cause under § 362(d);

(3) continuation of the stay better serves the orderly administration of this Chapter 13 estate; and

(4) reconsideration will prevent manifest injustice without prejudicing Genesis' substantive rights.

Although reconsideration is an extraordinary remedy, bankruptcy courts retain broad discretion to revisit interlocutory orders where doing so will promote the fair administration of the bankruptcy estate and further the purposes of the Bankruptcy Code. Unlike a motion seeking to relitigate matters already decided, the present Motion asks the Court to reevaluate the legal consequences flowing from continuation of the automatic stay in light of the federal policies favoring successful Chapter 13 reorganization.

Moreover, because the automatic stay serves not only the interests of the debtor but also the collective interests of all creditors, bankruptcy courts are encouraged to evaluate stay issues with careful consideration of the overall administration of the estate rather than the litigation objectives of any individual creditor.

Debtor respectfully submits that reconsideration is warranted because the present record demonstrates that continuation of the stay better serves the equitable purposes underlying Chapter 13 than modification or limitation of those protections.

## V. THE COURT HAS AUTHORITY TO RECONSIDER ITS JULY 6, 2026 ORDER

Bankruptcy courts possess broad discretion to reconsider interlocutory orders prior to the entry of a final judgment. Because the July 6, 2026 Order governs the continuation of the automatic stay during the administration of this Chapter 13 case, the Court retains authority under Rules 9023 and 9024, as well as its inherent authority to revise interlocutory orders, when necessary to correct clear error, prevent manifest injustice, or ensure the proper administration of the bankruptcy estate.

Bankruptcy courts retain inherent authority to revise interlocutory orders before entry of a final judgment when justice requires. *See* Fed. R. Civ. P. 54(b) (made applicable in bankruptcy proceedings where appropriate); *Dietz v. Bouldin*, 579 U.S. 40, 45 (2016) (recognizing federal courts' inherent authority to manage proceedings, subject to statute and rule).

Accordingly, this Court has both the authority and the discretion to revisit its prior interlocutory order where doing so better serves the purposes of the Bankruptcy Code and the interests of justice.

## VI. THE AUTOMATIC STAY IS A FUNDAMENTAL PROTECTION OF THE BANKRUPTCY CODE

The automatic stay has repeatedly been recognized as one of the fundamental protections afforded by the Bankruptcy Code. *See Midlantic Nat'l Bank v. New Jersey Dep't of Envtl. Prot.,* 474 U.S. 494, 503 (1986) (describing the automatic stay as one of the fundamental debtor protections provided by the Bankruptcy Code). Congress enacted Chapter 13 specifically to encourage repayment through court-supervised plans rather than piecemeal collection activity.

Absent extraordinary circumstances, continuation of the stay promotes - not frustrates - the purposes of Chapter 13.

Genesis seeks relief that would permit continued prosecution of extensive litigation while this Court simultaneously administers a Chapter 13 case. Such parallel proceedings risk substantial duplication of effort, increased litigation expense, inconsistent rulings concerning overlapping factual issues, and unnecessary depletion of estate resources.

Bankruptcy courts routinely recognize that centralized administration benefits all creditors, including secured creditors, by ensuring orderly resolution of claims within one judicial forum.

Genesis bears the burden of proof under § 362(g) with respect to the issues on which it seeks relief.

Congress expressly allocated the burden of proof in stay litigation through 11 U.S.C. § 362(g). The party requesting relief bears the burden on the issues assigned by statute, while the opposing party bears the burden on the remaining issues.

*See also H.R. Rep. No. 95-595, at 340 (1977), reprinted in 1978 U.S.C.C.A.N. 5963, 6296–97* (describing the automatic stay as one of the fundamental debtor protections provided by the bankruptcy laws).

## VII. GENESIS BEARS THE BURDEN OF ESTABLISHING THAT CONTINUED STAY PROTECTION IS NOT WARRANTED

Genesis relied almost entirely upon allegations and findings from separate litigation rather than demonstrating present cause under § 362(d) based upon the circumstances of this Chapter 13 case.

Genesis' motions devote substantial attention to allegations arising from pending Michigan litigation, including state court opinions, receivership proceedings, and factual allegations concerning commercial transactions involving several business entities.

While those allegations undoubtedly form part of the parties' broader dispute, they do not automatically establish entitlement to relief under the Bankruptcy Code.

The question before this Court is not whether Genesis ultimately prevails in Michigan.

Nor is the issue whether Genesis possesses substantial claims.

Rather, the relevant inquiry is whether continuation of bankruptcy protections is inconsistent with the purposes of Chapter 13 or whether Genesis demonstrated legally sufficient grounds requiring limitation of those protections.

Those are separate inquiries governed by federal bankruptcy law. Whether "cause" exists under § 362(d) is committed to the bankruptcy court's discretion based upon the facts presented. *In re Dixie Broad., Inc.*, 871 F.2d 1023, 1026 (11th Cir. 1989).

Genesis' motions repeatedly ask this Court to draw conclusions from ongoing litigation regarding alleged fraud, conversion, fiduciary obligations, receivership findings, and business transactions extending over several years.

However, the existence of complex commercial litigation—even litigation involving serious allegations—does not itself establish:

- bad faith under the Bankruptcy Code;

- abuse of Chapter 13;

- irreparable harm requiring immediate stay relief;

- inability of the Debtor to propose a feasible Chapter 13 plan.

Indeed, bankruptcy courts frequently administer cases involving substantial commercial disputes while preserving the protections afforded by § 362 until those disputes are resolved through appropriate judicial processes.

Accordingly, Genesis retains the burden of demonstrating that continuation of the stay would result in legally cognizable prejudice beyond the ordinary delay associated with bankruptcy proceedings. Respectfully, Debtor submits that the present record does not demonstrate legally sufficient cause under 11 U.S.C. § 362(d) to limit continuation of the automatic stay. The present record does not satisfy that burden. Where the statutory burden has not been met, continuation of the automatic stay remains the result contemplated by § 362 unless and until legally sufficient cause is established.


## VIII. THE MICHIGAN LITIGATION DOES NOT CONTROL THE GOOD-FAITH ANALYSIS REQUIRED UNDER THE BANKRUPTCY CODE

A substantial portion of Genesis' motions relies upon findings, reports, and proceedings originating in the Circuit Court for Wayne County, Michigan, together with the Receiver's reports entered in that action.

Debtor does not ask this Court to disregard those proceedings.

Rather, Debtor respectfully submits that they do not substitute for the independent inquiry required under federal bankruptcy law.

Whether a Chapter 13 petition has been filed in good faith is determined by considering the totality of the circumstances existing at the time of filing.

The Eleventh Circuit has held that good faith in Chapter 13 cases is determined under the "totality of the circumstances," considering multiple factors rather than any single circumstance. *Kitchens v. Georgia R.R. Bank & Trust Co. (In re Kitchens)*, 702 F.2d 885, 888–89 (11th Cir. 1983).

That inquiry necessarily focuses upon the Debtor's intent in seeking bankruptcy relief, the feasibility of reorganization, the treatment of creditors, the absence or presence of abuse of the bankruptcy process, and whether continuation of the stay advances or frustrates the purposes of the Bankruptcy Code.

While the Michigan litigation may establish the existence of disputed claims, it cannot substitute for the independent good-faith analysis required under federal bankruptcy law.

Those issues, while significant, are not synonymous with the statutory inquiry governing continuation of the automatic stay.

Bankruptcy is not rendered unavailable merely because substantial civil litigation is pending elsewhere.

To hold otherwise would effectively deny bankruptcy relief whenever a debtor faces significant commercial litigation - a result inconsistent with the rehabilitative purposes of Chapter 13.

Accordingly, the Court should evaluate Genesis' request under the standards established by the Bankruptcy Code rather than treating the Michigan litigation as dispositive of the good-faith inquiry.


## IX. THE DEBTOR FILED THIS CHAPTER 13 CASE IN GOOD FAITH

Genesis repeatedly characterizes the Debtor's Chapter 13 petition as an improper litigation tactic intended solely to frustrate collection efforts. Those assertions, however, are not supported by the record before this Court and do not satisfy the standards governing a finding of bad faith under the Bankruptcy Code.

Good faith is determined from the **totality of the circumstances**, not by any single factor. Courts within the Eleventh Circuit consider whether the debtor has honestly sought the protections afforded by Chapter 13, whether the debtor intends to propose and perform a feasible repayment plan, and whether the bankruptcy process is being used for its intended rehabilitative purpose rather than as an instrument of abuse.

Here, the record demonstrates that the Debtor commenced this Chapter 13 case to reorganize financial obligations through a court-supervised repayment plan. The Debtor has filed the required bankruptcy schedules and statements, appeared as required in this Chapter 13 proceeding,

complied with the Court's orders, continued to participate in the administration of this case, and remains committed to confirmation and performance of a feasible Chapter 13 plan.

Genesis, by contrast, asks this Court to infer bad faith almost exclusively from the existence of separate litigation in another jurisdiction. While those proceedings may ultimately affect the allowance or amount of Genesis' claim, they do not establish that this bankruptcy case itself was filed in bad faith.

The Bankruptcy Code does not require a debtor to prevail in underlying litigation before obtaining the protections of the automatic stay. To the contrary, Congress anticipated that debtors would often seek bankruptcy relief while significant litigation remained unresolved. The existence of disputed claims, even substantial commercial claims, is not itself evidence of bad faith. Rather, the relevant inquiry is whether the debtor has invoked the protections of Chapter 13 for a legitimate reorganization purpose and intends to proceed in good faith under the supervision of the Bankruptcy Court. The record before this Court demonstrates precisely that circumstance.

Importantly, Chapter 13 exists precisely because individuals facing substantial financial disputes—including disputed commercial liabilities—are entitled to seek an orderly reorganization under federal law. If the mere existence of contentious litigation were sufficient to establish bad faith, Chapter 13 relief would be unavailable in many of the very circumstances Congress intended it to address.

The record before this Court contains no finding that the Debtor has:

- concealed assets from this Court;

- failed to disclose material financial information in this bankruptcy case;

- violated any order of this Court;

- failed to participate in required Chapter 13 proceedings; or

- otherwise abused the bankruptcy process after filing this petition.

To the contrary, the Debtor has continued to pursue reorganization through the mechanisms established by the Bankruptcy Code.

Accordingly, Genesis has failed to establish that continuation of the automatic stay is inconsistent with the Debtor's good-faith effort to reorganize.


## X. GENESIS HAS NOT DEMONSTRATED LEGALLY COGNIZABLE PREJUDICE

Genesis has shown no evidence of immediate irreparable harm.

A creditor seeking relief from the automatic stay must demonstrate more than frustration arising from the temporary delay that necessarily accompanies bankruptcy proceedings.

Delay alone is not prejudice.

Temporary delay is an inherent consequence of the automatic stay and, standing alone, does not constitute legally sufficient prejudice warranting relief under § 362(d).

Every bankruptcy case temporarily suspends collection activity. That temporary suspension is not an unintended consequence of the Bankruptcy Code—it is one of its central protections.

Genesis has not demonstrated that continuation of the automatic stay will result in:

- imminent loss of collateral;

- deterioration of secured property;

- destruction of evidence;

- dissipation of estate assets occurring after the commencement of this case; or

- any other immediate and irreparable harm that cannot be addressed through this Court's ongoing supervision.

Indeed, Genesis remains fully able to:

- participate in this bankruptcy proceeding;

- object to confirmation of any proposed Chapter 13 plan;

- file proofs of claim;

- seek appropriate relief should circumstances materially change; and

- continue to assert its substantive rights in accordance with orders of this Court.

Continuation of the stay therefore preserves the status quo while protecting all parties from unnecessary disruption.


## XI. THE BALANCE OF EQUITIES FAVORS CONTINUATION OF THE STAY

Bankruptcy courts are courts of equity.

When determining whether continuation of the automatic stay remains appropriate, the Court should consider not only the interests of one creditor, but the effect upon the administration of the bankruptcy estate as a whole.

If Genesis is permitted to proceed outside the bankruptcy process while this Chapter 13 case remains pending, several consequences may result:

- unnecessary duplication of judicial proceedings;

- increased administrative expense;

- depletion of estate resources through simultaneous litigation;

- potential prejudice to other creditors who remain subject to bankruptcy administration; and

- diminished prospects for successful completion of a Chapter 13 plan.

Conversely, continuation of the automatic stay imposes only the delay ordinarily contemplated by Congress in every Chapter 13 proceeding.

The Bankruptcy Code balances those competing interests by preserving the status quo until the Court determines how claims should properly be administered.

Maintaining that balance is particularly appropriate where, as here, no immediate emergency has been demonstrated.

## XII. CONTINUATION OF THE STAY PROMOTES THE PURPOSES OF CHAPTER 13

Continuation of the stay will not determine Genesis' claims on the merits; it merely preserves the status quo while those claims are administered through the bankruptcy process.

Congress enacted Chapter 13 to encourage repayment rather than liquidation. Successful reorganization requires stability. That stability is achieved principally through the automatic stay.

Allowing one creditor to proceed independently risks frustrating the coordinated administration that Chapter 13 was designed to achieve.

The Court has already determined that continuation of the stay as to Genesis was appropriate under certain circumstances. The Debtor respectfully submits that continued enforcement of the stay while this case proceeds best advances the statutory objectives of Chapter 13, protects all creditors equally, and preserves this Court's ability to supervise an orderly reorganization.

## XIII. UPON FURTHER REVIEW OF THE RECORD, DEBTOR RESPECTFULLY SUBMITS THAT SEVERAL MATERIAL FACTS WARRANT ADDITIONAL CONSIDERATION FOR THE CONTINUATION OF THE STAY

Upon further review of the record, Debtor respectfully submits that the following material facts support reconsideration of the Court's July 6, 2026 Order and continued application of the automatic stay as to Genesis. None of these facts alters the substantive rights of Genesis; rather, they demonstrate why continued administration of those rights within this Chapter 13 proceeding best serves the Bankruptcy Code and all parties in interest.

- The present Chapter 13 case represents a genuine effort to reorganize under federal bankruptcy law rather than an effort to evade judicial supervision. Since commencement of this case, the Debtor has remained subject to the jurisdiction of this Court, has participated in required proceedings, and has continued to pursue confirmation of a Chapter 13 plan.
- Genesis has not demonstrated that continuation of the automatic stay has resulted in any measurable deterioration of its position since the filing of this case. The record contains no evidence that collateral has been impaired, that estate property has been concealed, or that

Genesis has suffered any injury beyond the ordinary delay contemplated by Congress in every bankruptcy proceeding.

- The Court's continuation of the stay as to Genesis reflects an acknowledgment that bankruptcy protection remained appropriate notwithstanding the existence of the Michigan litigation. The Debtor respectfully submits that continued enforcement of the stay while this Chapter 13 case proceeds best preserves the status quo and furthers the orderly administration of the estate.

Importantly, granting this Motion would not determine the merits of Genesis' claims, alter the amount or validity of any claim, impair Genesis' ability to seek future relief from the automatic stay, or prejudice Genesis in any substantive respect. The requested relief merely restores the status quo contemplated by the Bankruptcy Code while this Court supervises the orderly administration of the Chapter 13 estate.

## XIV. CONTINUATION OF THE STAY BEST SERVES THE INTERESTS OF ALL CREDITORS

Section 105(a) authorizes bankruptcy courts to issue orders necessary or appropriate to carry out the provisions of the Bankruptcy Code. That equitable authority, however, must be exercised consistently with the Code and may not create substantive rights not authorized by Congress. *Law v. Siegel*, 571 U.S. 415, 421 (2014). The automatic stay exists not solely for the benefit of the debtor, but to ensure equality of treatment among creditors and to permit orderly administration of the bankruptcy estate.

If Genesis is permitted to pursue independent collection efforts while the Chapter 13 case remains pending, estate resources may be diverted to defending simultaneous proceedings, thereby reducing the Debtor's ability to fund a Chapter 13 plan and potentially prejudicing other creditors.

Maintaining the stay promotes judicial economy, minimizes litigation expense, and preserves this Court's exclusive authority over estate administration.

The equitable purposes of Chapter 13 are therefore advanced—not frustrated—by continuation of the stay.

## XV. EQUITABLE CONSIDERATIONS FAVOR RECONSIDERATION

Bankruptcy courts are courts of equity.

Congress granted bankruptcy courts broad authority under 11 U.S.C. § 105(a) to issue orders necessary or appropriate to carry out the provisions of the Bankruptcy Code.

The equities here favor preserving the status quo while this Chapter 13 case proceeds. Genesis retains all substantive rights to object to confirmation, challenge claims, seek additional relief if circumstances materially change, and continue to litigate issues as permitted by this Court.

Conversely, modification of the stay risks undermining the orderly administration of the estate before the Court has resolved the remaining contested matters.

Accordingly, reconsideration is warranted to prevent manifest injustice and to ensure that the objectives of Chapter 13 are fully realized.

## XVI. THE JULY 6 ORDER SHOULD BE MODIFIED TO PREVENT MANIFEST INJUSTICE

The Court correctly recognized that bankruptcy protection remained appropriate by continuing the stay in part. Respectfully, however, the record does not establish sufficient cause under § 362 to exclude Genesis from the protections generally afforded by the automatic stay.

Respectfully, the Court's prior ruling was necessarily based upon the record then before it. Upon further review of that record and the applicable legal standards, Debtor submits that reconsideration is appropriate.

Reconsideration is appropriate where necessary to prevent manifest injustice while preserving the substantive rights of all parties.

Genesis remains fully protected procedurally and substantively because it retains every substantive right it possessed before this Motion, including the right to object to confirmation, seek dismissal, contest claims, and request future stay relief upon changed circumstances.

Reconsideration would not disturb the rights of Genesis to litigate its claim, object to confirmation, seek relief upon changed circumstances, or otherwise participate fully in this case.

Rather, reconsideration would simply restore the protections ordinarily afforded by § 362 while preserving all of Genesis' substantive rights. Genesis may continue to object to confirmation, litigate the allowance of its claims, seek dismissal if warranted by future events, or request additional stay relief should circumstances materially change. Accordingly, reconsideration serves the interests of both the bankruptcy estate and all parties in interest.

## XVII. CONCLUSION

For the foregoing reasons, Debtor respectfully requests that this Court reconsider its July 6, 2026 Order and enter an amended order continuing the automatic stay as to Genesis Alternative Finance IV LLC during the pendency of this Chapter 13 case, or until further order of the Court, together with such additional relief as the Court deems just and proper.

Nothing requested herein prevents Genesis from seeking future relief upon a material change in circumstances; rather, Debtor requests only that the protections ordinarily afforded by § 362 remain in place unless and until sufficient cause is established under the Bankruptcy Code.

Accordingly, the requested relief preserves the status quo while leaving all parties free to seek appropriate future relief should the facts materially change.

## WHEREFORE

The relief requested is narrow. Debtor does not ask the Court to adjudicate Genesis' claims, determine liability, or impair any substantive rights. Debtor asks only that the ordinary protections afforded by § 362 remain in place while this Chapter 13 case proceeds under the Court's supervision.

WHEREFORE, Debtor respectfully requests that this Court:

1. Grant this Motion for Reconsideration;

2. Vacate that portion of the July 6, 2026 Order limiting continuation of the automatic stay as to Genesis Alternative Finance IV LLC and enter an amended order providing that the protections of 11 U.S.C. § 362 remain in full force and effect as to Genesis during the pendency of this Chapter 13 case unless otherwise ordered by this Court;

3. Award such other and further relief as the Court deems just and equitable.

For all of these reasons, Debtor respectfully submits that the equities, the record before the Court, and the purposes of Chapter 13 all favor reconsideration and continuation of the automatic stay as to Genesis.

Debtor submits this Motion in good faith, with respect for this Court's prior ruling, and solely to ensure that the protections afforded by the Bankruptcy Code are applied consistently with the facts and governing law in this Chapter 13 case.

Respectfully submitted,

**Robert Scott Super**
Debtor, Pro Se

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13 day of July, 2026, I served a true and correct copy of the foregoing Motion for Reconsideration upon the Chapter 13 Trustee, counsel for Genesis Alternative Finance IV LLC, and all parties entitled to notice through the Court's CM/ECF system or by United States Mail where appropriate.

Robert Scott Super

# UNITED STATES POSTAL SERVICE® | PRIORITY® MAIL

delivery date specified for domestic use.

shipments include $100 of insurance (restrictions apply).*

cking® service included for domestic and many international destinations.

ternational insurance.**

ed internationally, a customs declaration form is required.

es not cover certain items. For details regarding claims exclusions see the
Manual at *http://pe.usps.com.*

ional Mail Manual at *http://pe.usps.com* for availability and limitations of coverage.

## RATE ENVELOPE
■ ANY WEIGHT

## KED ■ INSURED

To schedule free Package Pickup,
scan the QR code.



USPS.COM/PICKUP



how2recycle.info
PAPER
POUCH

0001000014

EP14F October 2023
OD: 12 1/2 x 9 1/2

---

## UNITED STATES POSTAL SERVICE® — Click-N-Ship®

**P**

usps.com
$9.57
US POSTAGE

9405 5301 0935 5404 2597 04 0095 7001 0003 3602

U.S. POSTAGE PAID
Click-N-Ship



07/14/2026
1 lb 0 oz

Mailed from 33613   533586151947660

### PRIORITY MAIL®

ROBERT SUPER
602 VIENTO DE AVILA
TAMPA FL 33613-5229

Created 2026-07-14
Flat Rate Envelope
RDC 03

C038

U.S. BANKRUPTCY COURT MIDDLE DISTRICT
801 N FLORIDA AVE STE 555
TAMPA FL 33602-3860

### USPS TRACKING #

9405 5301 0935 5404 2597 04

Case No. 26-04258



This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments. Misuses may be a violation of federal law. This package is not for resale. EP14F © U.S. Postal Service; October 2023; All rights reserved.