UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| ROBERT SCOTT SUPER, | ) | Case No. 8:26-bk-04258-CPM |
| | ) | Chapter 13 |
| Debtor. | ) | |
| | ) | |

---

**RESPONSE OF PLAINTIFFS GENESIS ALTERNATIVE FINANCE IV, LLC AND GENESIS ALTERNATIVE FINANCE V, LLC TO OBJECTION TO AMENDED PROOF OF CLAIM NO. 10-2 FILED BY DEBTOR ROBERT SCOTT SUPER**

Plaintiffs Genesis Alternative Finance IV, LLC and Genesis Alternative Finance V, LLC ("Genesis") in response to *Objection to Genesis' Amended Proof of Claim No. 10-2* [Doc 65] (the "Objection") filed by Debtor Robert Scott Super ("Super") on August 17, 2026, states as follows:

**1. Super's Objection is not supported by law.**

On August 17, 2026, Super filed the Objection seeking to disallow Genesis' Amended Proof of Claim [Claim No. 10-2] (the "Claim"). Super's Objection contends that the Claim does not adequately establish an enforceable basis, amount, or classification of any claim against him personally. The Objection acknowledges adverse findings of liability against Super in Michigan state court but argues that the underlying transactions were corporate financing arrangements, that Genesis must identify any actual final personal money judgment and reconcile its Claim with its own statements that further state-court proceedings were needed to liquidate the debt, and that the Claim must be reduced for all payments, collateral proceeds, recoveries, credits, and offsets. However, Super fails to cite a single case in support of the Objection based on this argument. Moreover, Genesis's claim against Super is valid and binding as against Super. In fact, following the Court's Order *Granting Stay Relief Motion, In Part, and Continuing in Part, Stay Relief Motion*

*and Motion to Dismiss Chapter 13 Case* [Doc 31], on August 6, 2026, Genesis liquidated its claim against Super and obtained a judgment in the amount of $5,951,842.74, plus applicable post-judgment interest at the statutory rate, in the mater of *Genesis Alternative Finance IV, LLC and Genesis Alternative Finance V, LLC v. Lint Chiropractic PC, et al.*, Case No. 24-010404-CB, State of Michigan, Wayne County Circuit Court.

2. **The Chapter 13 Case was dismissed and therefore, Super has no standing to continue the prosecution of the objection.**

On August 28, 2026, this Court entered the *Amended Order Granting Motion to Dismiss Chapter 13 Case* [Doc 86] dismissing the Chapter 13 Bankruptcy Case and therefore, Super no longer has standing to object to claims. *In re Harris*, 306 B.R. 357, 364 (M.D. Ala. 2004) *quoting Harris v Citigroup*, 298 B.R. 897, 901 (M.D. Ala. 2003) (stating that the "[bankruptcy] estate ceased to exist when the chapter 13 case was dismissed…"). Once the Chapter 13 bankruptcy has been dismissed, a claim objection is "no longer a bankruptcy matter as there is no estate against which a claim may be allowed or disallowed." *In re Steed*, 614 B.R. 395, 411 (Bankr. N.D. GA. 2020). The purpose of dismissals is to put the parties in the same position as they were before the bankruptcy proceedings. *In re Harris*, 306 B.R. at 362. Accordingly, because the Chapter 13 Case has been dismissed, Super's bankruptcy estate has ceased to exist, and he lacks any basis for his Objection. *In re Harris* at 364; *In re Steed* at 411.

## <u>CONCLUSION</u>

For the foregoing reasons, Super's Objection to the Claim should be overruled.

GRAY ROBINSON, P.A.
One Boca Place
2255 Glades Road, Suite 301E
Boca Raton, Florida 33431
(561) 368-3808
(561) 368-4008 – facsimile

By <u>*Jonathan T. Crane, Esq.*</u>

Jonathan T. Crane, Esq.
Florida Bar No. 1039351
E-mail: Jonathan.Crane@gray-robinson.com
***Local Counsel for Attorney Michael Pomeranz for Creditors Genesis Alternative Finance IV LLC and Genesis Alternative Finance V LLC***

TAFT STETTINIUS & HOLLISTER LLP

By: *Michael Leo Pomeranz*
Michael Leo Pomeranz (P84908)
27777 Franklin Rd., Suite 2500
Southfield, MI 48034
Tel.: 248-351-3000
mpomeranz@taftlaw.com